**THOMAS v. NEW YORK, C. &
ST. L. R. CO.**

Civ. No. 25212.

United States District Court
N. D. Ohio, E. D.

Jan. 26, 1950.

Howard M. Metzenbaum, Cleveland, Ohio, for plaintiff.

Donald W. Hornbeck, John H. Ritter, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action to enforce an award of the Railroad Adjustment Board, Fourth Division.

Plaintiff in this action was employed by defendant as a business car steward. Plaintiff was not a union member nor was he covered by the terms of any collective bargaining agreement. During a trip on February 11, 1945, plaintiff and Vice President Day of the defendant engaged in a brief altercation. On February 15, 1945, plaintiff made an oral report of the incident to the person who was in charge of the business car stewards and the incident apparently was closed. Some eight months later, in October of 1945, plaintiff was requested to furnish a written statement concerning the incident which plaintiff refused to do either because his recollection was hazy or because he feared the consequences of such a statement. At any rate plaintiff was discharged because of his refusal to submit a written statement.

Plaintiff then took his grievance to the National Railroad Adjustment Board, Fourth Division, asking that the Board reinstate him and award him back pay. On May 21, 1947, the Fourth Division in Award No. 376 sustained plaintiff in his claim for reinstatement but denied his claim for back wages because no notice of this claim was given to defendant prior to the hearing.

On the same day an order issued to the defendant from the Fourth Division ordering defendant to make effective the award. There was no date in the Order on or be-

fore which the defendant was required to reinstate plaintiff.

Defendant did not rehire plaintiff although plaintiff presented himself at defendant's office ready and able to perform his previous work. This action was instituted on October 7, 1947, in accordance with Section 153(p) of Title 45, United States Code Annotated.

■ The Adjustment Board has no authority to make a reinstatement order on the facts presented by this case, although it is true that it has been held that an individual not a union member can bring his grievances before the Adjustment Board. Patterson v. Chicago & E. I. R. Co., D.C., 50 F.Supp. 334; Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235 at page 240. The Boswell holding is merely dictum and in the Patterson case the non-union plaintiff who was covered in some manner not clear by the seniority rules of the railroad was discharged in violation of those rules. In this case it is clear from the evidence that plaintiff is not covered by any rules regarding discharge. The Fourth Division states that the discharge was in violation of standard railroad rules, but no such rules govern the contract of employment between the plaintiff and defendant, and the Fourth Division apparently was giving plaintiff the benefit of collective bargaining contracts with unions of which plaintiff was not a member.

■ Since there are no rules governing the hiring and discharge of plaintiff, defendant could discharge him with or without cause unless some section of the Railway Labor Act specifically provides otherwise. There is no section in the Act which takes away defendant's right to hire and discharge its employees. To the contrary, the decided cases hold that such right has not been abrogated by the Act. Texas and N.O.R. Co. v. Brotherhood of Railway Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 LEd. 1034. Furthermore, the Act itself does not seem to be directed toward disputes over hiring or discharge but rather was meant to encourage unionization of the railroads and the promotion of collective bargaining contracts, and to this end the Adjustment Board was given the power to make awards only in disputes arising out of such contracts. Sec. 152. The Board may order reinstatement only to the extent that the right to discharge has been surrendered by the carriers through collective bargaining contracts with the Union. It has no other power in respect to reinstatement. It may be, if plaintiff could show that some agreement between himself and the defendant had been made concerning causes for his discharge, Section 151 would have some effect and give the Board the power to make the disputed order. But since it is clear that no agreement was made which in any way limited the defendant's right to discharge plaintiff, the general purposes of the Act found in Section 151, without something else appearing in the Act, cannot give the Board power to limit the defendant's right to discharge its employees. It should be noted that the above discussion relates to the defendant's right to discharge with or without cause. The Board found that the discharge of plaintiff was without cause, and while it has no effect on the decision of this case, it should be pointed out that plaintiff's refusal to submit a written statement of the incident was insubordination and in itself just cause for discharge. In any event, the Board in this case is attempting to make an order which under the Act it has no authority to make.

Although not in any sense determinative of the questions here, the Court has received the impression that the Board itself had little confidence in its order. Perhaps there was good reason for denying plaintiff's claim to back wages, but it seems to me that the failure to award back wages justifies the inference of an implied admission that plaintiff's case was weak and that back wages were not awarded in the hope that the defendant would comply with the order of reinstatment.

Judgment may be entered for the defendant